11-4721
McClamrock v. Eli Lilly and Co.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of November, two thousand twelve.

PRESENT:
       JOHN M. WALKER, Jr.,
       RICHARD C. WESLEY,
       PETER W. HALL,
          *Circuit Judges.*
_____

Barry Kenneth McClamrock,

     *Plaintiff-Appellant,*

     v.                             11-4721

Eli Lilly and Company,

     *Defendant-Appellee.*
_____


**FOR PLAINTIFF-APPELLANT:**    Barry McClamrock, *pro se*, Concord, NC.

**FOR DEFENDANT -APPELLEE:**    Nina M. Gussack, Eric Rothschild, and Christopher J. Casalenuovo, Pepper Hamilton LLP, Philadelphia, PA.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Barry McClamrock, proceeding *pro se*, appeals from the district court's judgment granting the summary judgment motion of Eli Lilly and Company ("Eli Lilly") in his products liability action. The panel has reviewed the briefs and the record in this appeal and agrees unanimously that oral argument is unnecessary because "the facts and legal arguments [have been] adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. App. P. 34(a)(2)(c). We assume the parties' familiarity with the facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo*, and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300

2

(2d Cir. 2003).  Here, for substantially the same reasons as those stated in its decision, the district court properly applied North Carolina law to McClamrock's claims, and properly concluded that, under the learned intermediary doctrine, McClamrock could not establish that Eli Lilly's alleged failure to warn proximately caused any injuries resulting from Dr. James Cockerill's decision to prescribe Zyprexa to McClamrock in December 1998.  Additionally, while we agree with McClamrock that the court should have conducted a similar analysis with respect to Dr. Warren Williams's decision to prescribe Zyprexa, we conclude that this omission was harmless.  *See Freedom Holdings, Inc. v. Cuomo*, 624 F.3d 38, 49 (2d Cir. 2010) ("We may affirm the district court's decision on any ground appearing in the record.").  Because McClamrock would have the burden of establishing proximate cause at trial, *see* N.C. Gen. Stat. § 99B-5(a), his failure to offer any evidence that Dr. Williams was unaware that diabetes was a risk associated with Zyprexa when he prescribed it warranted granting summary judgment in favor of Eli Lilly, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (2d Cir. 1986).

Moreover, there was indirect evidence suggesting that Dr. Williams was, in fact, aware of the risk of diabetes associated with Zyprexa. Namely, there was evidence demonstrating that Dr. Cockerill was aware of the risk at issue when he prescribed Zyprexa but concluded that the drug's benefits outweighed its risks in McClamrock's case, and that Dr. Cockerill discussed his initial decision to prescribe Zyprexa to McClamrock with Dr. Williams.

We have considered McClamrock's remaining arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**. Additionally, McClamrock's motion "seek[ing] his unenumerated rights of jury trial per Amendment 7 and 14 in the US Constitution" is **DENIED.** To the extent that this motion is premised on McClamrock's assertion that he was deprived of his Seventh Amendment right to a jury trial, that right is not violated by an award of summary judgment where, as here, there are no disputed issues of material fact. *See Benjamin v. Traffic Exec. Ass'n E. R.R.*, 869 F.2d 107, 115 n.11 (2d Cir. 1989).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4